No. 100,414

In the Matter of BOBBY LEE THOMAS, JR., *Respondent.*

(193 P.3d 907)

Opinion filed October 17, 2008.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

*John J. Ambrosio,* Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause for respondent, and *Bobby Lee Thomas, Jr.,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Respondent, Bobby Lee Thomas, Jr., an Olathe attorney licensed to practice law in Kansas since September 2000.

The alleged misconduct arises from seven complaints, DA10127, DA10143, DA10144, DA10163, DA10178, DA10198, and DA10242.

In September 2007, the Disciplinary Administrator filed a formal complaint. A second formal complaint was filed in November 2007. Respondent answered, admitting most of the factual allegations. Respondent also proposed a probation plan.

On November 14, 2007, a hearing on the formal complaint was held before a hearing panel of the Kansas Board for Discipline of Attorneys. At the hearing, Respondent stipulated to the facts and rule violations alleged in the formal complaints. Accordingly, the hearing panel concluded as a matter of law that Respondent violated seven rules of professional conduct:

KRPC 1.1 (2007 Kan. Ct. R. Annot. 384) (competent representation);

KRPC 1.3 (2007 Kan. Ct. R. Annot. 398) (diligence and promptness);

KRPC 1.4(a) (2007 Kan. Ct. R. Annot. 413) (communication);

KRPC 1.16(d) (2007 Kan. Ct. R. Annot. 487) (terminating representation);

KRPC 3.2 (2007 Kan. Ct. R. Annot. 503) (expediting litigation);

KRPC 3.4(c) (2007 Kan. Ct. R. Annot. 514) (fairness to opposing party and counsel); and

KRPC 8.4(d) (2007 Kan. Ct. R. Annot. 559) (conduct prejudicial to the administration of justice).

In addition, the panel concluded that Respondent violated Kansas Supreme Court Rule 207(b) (failure to cooperate in the disciplinary investigation) (2007 Kan. Ct. R. Annot. 288) and Rule 211(b) (failure to respond to the formal complaint) (2007 Kan. Ct. R. Annot. 304).

*DA10127 - Complaint of J.A.*

In March 2005, the Johnson County District Attorney charged J.A. with two counts of theft, one count of possession of marijuana, and one count of possession of a firearm. In April 2005, J.A. retained Respondent to represent him in the criminal case.

In March 2006, Respondent and the prosecutor entered into a stipulation regarding the facts. After a bench trial, the trial court found J.A. guilty of all four charges. On May 3, 2006, the court sentenced J.A.

On May 5, 2006, Respondent timely filed a notice of appeal and, thereafter, timely docketed the appeal with the Kansas Court of Appeals. Respondent's brief was originally due on August 7, 2006.

On November 20, 2006, the Court of Appeals granted Respondent's fourth motion for an extension of time to file a brief. The court ordered Respondent to file the brief on or before December 6, 2006. The court stated that no further extensions would be granted. On December 6, 2006, Respondent filed a fifth motion for an extension of time.

On December 19, 2006, the Court of Appeals removed Respondent as counsel and directed the Johnson County District Court to appoint an attorney for J.A. In the order, the court stated: "Mr. Thomas has a history of filing pleadings out of time without providing adequate justification for the delays. He is accordingly dismissed from this appeal." The Johnson County District Court appointed another attorney, Brian C. Paden.

On January 17, 2007, despite the fact that he had been removed as counsel for J.A., Respondent filed an appellate brief on J.A.'s behalf. The Court of Appeals reinstated Respondent, accepted the brief, and directed that Paden remain as cocounsel.

### DA10143 - Complaint of K.K.

K.K. retained Respondent to represent him in a civil case filed in the Johnson County District Court, case number 04CV5176.

During the course of the representation, Respondent failed to keep K.K. informed about the representation. K.K. sent Respondent many letters requesting information regarding the representation. Respondent failed to respond to K.K.'s letters.

On November 30, 2005, Respondent filed a motion to withdraw from his representation of K.K. However, Respondent failed to provide K.K. with notice that he was seeking to withdraw from the representation.

On December 31, 2006, K.K. fired Respondent. K.K. filed a complaint regarding Respondent with the Disciplinary Administrator's office. Nancy Wilson was appointed to investigate K.K.'s complaint. Respondent failed to provide a written response to the complaint. Additionally, Respondent failed to cooperate with Wilson's investigation.

### DA10144 - Complaint of J.L.

On July 24, 2006, the Johnson County District Court appointed Respondent to represent J.L. in an appeal before the Kansas Court of Appeals.

On December 8, 2006, the Court of Appeals granted Respondent's fourth motion for an extension of time to file his brief. The court ordered Respondent to file the brief by December 27, 2006. The court made it clear that it would not grant any additional extensions of time and that failure to file a brief would result in dismissal without further notice.

Respondent failed to file a brief on behalf of J.L. by December 27, 2006.

As a result, on January 16, 2007, the court issued an order and directed that Respondent file a brief by February 6, 2007, or the

appeal would be dismissed. Respondent did not file a brief by February 6, 2007.

On February 12, 2007, the court issued a second order, removed Respondent as counsel for J.L., and directed the district court to appoint new counsel. The Court of Appeals noted: "Mr. Thomas has a history of failing to comply with orders of this court. He has apparently abandoned his representation of his client in this appeal."

### DA10163 - *Complaint of T.B.-P.*

T.B.-P. retained Respondent to represent her in a direct appeal of her conviction for first-degree murder. Respondent represented her and provided her with adequate representation. Later, T.B.-P. retained Respondent to file a motion pursuant to K.S.A. 60-1507.

On September 29, 2006, Respondent filed a motion on behalf of T.B.-P. After filing the motion pursuant to K.S.A. 60-1507, Respondent failed to respond to letters and answer telephone calls from T.B.-P. Additionally, after filing the motion, Respondent took no action to prosecute the motion.

On March 9, 2007, T.B.-P. filed a complaint against Respondent with the Disciplinary Administrator's office. Nancy Wilson was appointed to investigate the complaint. Respondent failed to provide a written response to the complaint and otherwise failed to cooperate with the disciplinary investigation.

### DA10178 - *Complaint of D.D.*

Respondent represented D.D. in his appeal of a criminal conviction before the Kansas Court of Appeals. Respondent docketed the appeal out of time.

The court initially directed that Respondent file his brief by July 24, 2006, but he failed to do so. Thereafter, on August 8, 2006, the court directed Respondent to file a brief by August 29, 2006. Respondent filed a motion for additional time. The court granted his motion and directed that he file the brief by September 28, 2006.

On September 29, 2006, Respondent filed an untimely second motion for additional time to file the brief. The court granted Re-

spondent's second motion and directed that he file the brief by November 29, 2006.

On November 29, 2006, Respondent filed a third motion for additional time to file the brief. He explained that he needed additional time because he was working on four other appellate cases.

On December 19, 2006, the court denied Respondent's motion and stated, "Mr. Thomas has a history of filing pleadings out of time without providing adequate justification for the delays." Accordingly, the court removed Respondent as attorney for D.D. and remanded the case to the district court for the appointment of new appellate counsel.

On January 5, 2007, the district court appointed Adrian Gilby to represent D.D. The Court of Appeals directed Gilby to file a brief on behalf of D.D. by February 12, 2007.

On February 9, 2007, Gilby filed a motion for additional time to file the brief stating that Respondent had refused to provide D.D.'s file and transcripts of the case without a signed waiver from D.D. The court then directed Gilby to file a brief on behalf of D.D. by March 14, 2007.

On March 13, 2007, Gilby filed a motion asking for a stay of the briefing schedule, repeating that even though D.D. had provided a signed waiver, Respondent continued to refuse to provide D.D.'s file and transcripts.

The court then issued a show cause order on March 28, 2007, which provided as follows:

"The appellant was sentenced on September 15, 2005. Due to delays by trial and appellate counsel, whether appointed or retained, this appeal has not yet reached the briefing stage. It appears from the pleadings that Bob L. Thomas continues to obstruct access to appellate review for his former client. Bob L. Thomas is ordered to show cause by written response to be filed on or before April 11, 2007, why this court should not impose sanctions on him for failing to comply with orders of this court and for hindering his former client's access to the courts."

Respondent never responded to the court's order to show cause.

In April 2007, the Disciplinary Administrator received information from the Court of Appeals regarding Respondent's representation of D.D. As a result, the Disciplinary Administrator dock-

eted a complaint against Respondent. On April 4, 2007, the Disciplinary Administrator wrote to him and directed that he provide a written response. Respondent failed to provide a written response to the initial complaint as directed. Terry L. Morgan, Special Investigator with the Disciplinary Administrator's office, was assigned to investigate the matter. Respondent failed to respond to repeated inquiries made by Morgan regarding the complaint.

*DA10198 - Complaint of C.B.*

C.B. retained Respondent to represent him in a criminal case. Following C.B.'s conviction, Respondent filed a timely notice of appeal on November 15, 2005. Thereafter, however, he failed to timely docket the appeal.

Eventually, on May 24, 2006, Respondent filed a motion to docket the appeal out of time.

The Court of Appeals granted Respondent's request to docket the appeal out of time. However, in so doing, the court issued an order to show cause why he should not be dismissed as appellate counsel because of his inability to manage his practice.

On June 21, 2006, Respondent responded to the court's order. In a later order, the court stated that Respondent

"assured this court that he had recovered from a medical condition that had hindered his practice of law and that he had 'already briefed and researched the issues relevant to the appeal.' He informed the court that he was simply waiting on a copy of the transcripts to complete the Appellant's brief."

Based upon Respondent's assurances, the Court of Appeals elected to allow him to proceed as counsel for C.B.

Despite Respondent's assurances, he failed to file the brief on behalf of C.B. On April 19, 2007, the court dismissed C.B.'s appeal. Because Respondent was retained counsel, the court refused to remand for new counsel to be appointed. The court also ordered Respondent to notify his client in writing that the appeal had been dismissed and to file a copy of the notice to his client with the court by May 3, 2007. Respondent failed to do so.

In April 2007, the Disciplinary Administrator's office docketed a complaint against Respondent regarding his representation of

C.B. before the Court of Appeals. The Disciplinary Administrator directed Respondent to provide a written response. He failed to do so. Thereafter, Investigator Morgan was assigned to investigate the complaint. Respondent completely failed to comply with Morgan's investigation.

*DA10242 - Complaint of R.J.*

In 2005, Respondent was appointed to represent R.J. in an appeal of a denial of a motion filed pursuant to K.S.A. 60-1507.

On September 27, 2006, Respondent filed a notice of appeal. Thereafter, on October 5, 2006, Respondent wrote to his client and enclosed a copy of the notice. Respondent informed R.J. that he would be preparing a docketing statement. Respondent, however, failed to timely file one.

On June 20, 2007, R.J. filed a complaint against Respondent for failure to take any action to further the appeal after Respondent filed the notice of appeal.

Investigator Morgan, again, was assigned to investigate the complaint. Respondent again failed to provide a written response to the initial complaint and to cooperate in the investigation.

Because of Respondent's stipulations, the hearing panel concluded that he violated the Rules as detailed below.

Lawyers must provide competent representation to their clients. KRPC 1.1. KRPC 1.1 states: "Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Respondent failed to competently represent J.A., T.B.-P., D.D., and C.B. when he failed to exercise proper thoroughness and preparation reasonably necessary for the representations. Accordingly, the hearing panel concluded that Respondent repeatedly violated KRPC 1.1.

Attorneys must act with reasonable diligence and promptness in representing their clients. KRPC 1.3. Respondent failed to provide diligent representation to J.A., J.L., T.B.-P., D.D., C.B., and R.J. when he failed to timely prosecute their motions and appeals. Because Respondent failed to act with reasonable diligence and promptness in representing his clients, the hearing panel concluded that Respondent repeatedly violated KRPC 1.3.

KRPC 1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Respondent failed to provide adequate information to K.K., T.B.-P., and R.J. Accordingly, the hearing panel concluded that Respondent also violated KRPC 1.4(a).

KRPC 1.16(d) provides:

"Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law." 2007 Kan. Ct. R. Annot. 488.

Respondent failed to advise K.K. that he filed a motion to withdraw from the representation. Additionally, Respondent abandoned his representation of J.L. before the Court of Appeals. Because Respondent failed to take reasonable steps to protect the interests of his clients, the hearing panel concluded that Respondent violated KRPC 1.16(d).

An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. Respondent failed to expedite the appeals of J.A., D.D., and C.B. Accordingly, the hearing panel concluded that Respondent violated KRPC 3.2.

KRPC 3.4(c) provides that "[a] lawyer shall not: . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." 2007 Kan. Ct. R. Annot. 514. Respondent failed to respond to the March 28, 2007, order to show cause in D.D.'s case and failed to comply with the court's order to inform C.B. in writing that his appeal had been dismissed. As such, the hearing panel concluded that Respondent violated KRPC 3.4(c) in two separate cases.

KRPC 8.4(d) provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice." 2007 Kan. Ct. R. Annot. 559. Respondent prejudiced justice when he caused such extreme delay in J.A.'s case that the court appointed another attorney to represent J.A. and

when he took no action to represent T.B.-P. after filing the motion pursuant to K.S.A. 60-1507. As such, the hearing panel concluded that Respondent violated KRPC 8.4(d).

Lawyers must cooperate in disciplinary investigations; Kansas Supreme Court Rule 207(b) provides:

"It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters." 2007 Kan. Ct. R. Annot. 288.

Respondent knew that he was required to forward a written response to the initial complaints filed regarding his representation of K.K., J.L., T.B.-P., C.B. and R.J. because he had been instructed to do so in writing by the Disciplinary Administrator and by the investigators. Because Respondent knowingly failed to provide written responses to the initial complaints as requested, the hearing panel concluded that he violated Kansas Supreme Court Rule 207(b).

Attorneys must file answers to formal complaints; Kansas Supreme Court Rule 211(b) provides:

"The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel." 2007 Kan. Ct. R. Annot. 305.

Because Respondent failed to file a timely written answer to the formal complaint, the panel concluded that he violated Kansas Supreme Court Rule 211(b).

In making its recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions, stating:

"*Duty Violated.* The Respondent violated his duty to his client to provide competent and diligent representation and adequate communication. Additionally, the Respondent violated his duty to the legal system to refrain from action which impedes justice. Finally, the Respondent violated his duty to the legal profession to cooperate in disciplinary investigations.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual injury to his clients, to the legal system, and to the legal profession."

The hearing panel found the following aggravating factors present:

"A *Pattern of Misconduct*. Included in this case are seven complaints. The complaints involve similar misconduct. Accordingly, the Respondent engaged in a pattern of misconduct.

"*Multiple Offenses*. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.16, KRPC 3.2, KRPC 3.4(c), KRPC 8.4(d), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"*Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process*. The Respondent knew that he was required to provide written responses to all of the complaints. The Respondent failed to do so in five of the seven cases. Investigator Morgan attempted on many occasions to contact the Respondent. The Respondent never made [contact] with Investigator Morgan. The hearing panel, therefore, conclude[d] that the Respondent engaged in a bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary process."

In reaching its recommendation for discipline, the hearing panel found the following mitigating circumstances present:

"*Absence of a Prior Disciplinary Record*. The Respondent has not previously been disciplined.

"*Absence of a Dishonest or Selfish Motive*. Dishonesty and selfishness do not appear to be motivating factors in this case.

"*Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct*. The Respondent is an alcoholic and suffers from depression and anxiety. At the hearing on this matter, the Respondent testified that he had been sober for two weeks. Although the evidence was limited, it appears that the Respondent's personal and emotional problems may have contributed to the violations of the rules.

"*The Present Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions*. At the hearing, the Respondent acknowledged the wrongful nature of his conduct, stipulated to the facts alleged in the Formal Complaint, and stipulated to the rule violations alleged in the Formal Complaint.

"*Inexperience in the Practice of Law*. The Kansas Supreme Court admitted the Respondent to practice law in 2000. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of six years. Accordingly, the hearing panel concludes that Respondent was inexperienced in the practice of law at the time he engaged in the misconduct.

*"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney.* The Respondent is an active and productive member of the bar in Johnson County, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the hearing panel.

*"Remorse.* At the hearing on the Formal Complaint, the Respondent expressed genuine remorse."

In addition to the above-cited factors, the hearing panel examined and considered the following Standards:

Standard 4.42:

"Suspension is generally appropriate when:
'(a)  a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
'(b)  a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.' "

Standard 6.22:

"Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding."

Standard 7.2:

"Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system."

The Disciplinary Administrator recommended that Respondent be indefinitely suspended from the practice of law in the State of Kansas. Respondent recommended that he be placed on probation. The panel determined that in order to recommend that a respondent be placed on probation, it must make specific findings. Therefore, it looked to Kansas Supreme Court Rule 211(g) (2007 Kan. Ct. R. Annot. 304) which dictates the procedure to follow when a respondent requests probation:

"(g)  Requirements of Probation
'(1)  If the Respondent intends to request that the Respondent be placed on probation for violating the Kansas Rules of Professional Conduct or the Kansas Supreme Court Rules, the Respondent shall provide each member of the Hearing Panel and the Disciplinary Administrator with a workable, substantial, and de-

tailed plan of probation at least ten days prior to the hearing on the Formal Complaint. The plan of probation must contain adequate safeguards that will protect the public and ensure the Respondent's full compliance with the disciplinary rules and orders of the Supreme Court.

'(2)   If the Respondent provides each member of the Hearing Panel and the Disciplinary Administrator with a plan of probation, the Respondent shall immediately and prior to the hearing on the Formal Complaint put the plan of probation into effect by complying with each of the terms and conditions of the probation plan.

'(3)   The Hearing Panel shall not recommend that the Respondent be placed on probation unless:

(i)   the Respondent develops a workable, substantial, and detailed plan of probation and provides a copy of the proposed plan of probation to the Disciplinary Administrator and each member of the Hearing Panel at least ten days prior to the hearing on the Formal Complaint;

(ii)   the Respondent puts the proposed plan of probation into effect prior to the hearing on the Formal Complaint by complying with each of the terms and conditions of the probation plan;

(iii)   the misconduct can be corrected by probation; and

(iv)   placing the Respondent on probation is in the best interests of the legal profession and the citizens of the State of Kansas.' " 2007 Kan. Ct. R. Annot. 306-07.

The hearing panel noted that based upon the letters submitted from members of the criminal defense bar in Johnson County, Kansas, it appears that Respondent did a fine job for his clients until he ran into difficulties with alcohol abuse, depression, and anxiety. The panel noted that it would like to see Respondent return to the criminal defense practice; however, the hearing panel concluded that Respondent is not fit to practice law at this time. The panel determined that it is not in the best interests of the legal profession and the citizens of the state of Kansas for Respondent to be placed on probation and suggested that Respondent cease practicing law until such time as he has achieved a sustained period of sobriety and has received sufficient treatment for depression and anxiety.

Therefore, the hearing panel recommended to the court that Respondent be suspended for a period of 6 months; that following the 6-month suspension, Respondent file a petition for reinstatement setting forth any relevant facts and evidence establishing that he is fit to resume the practice of law. The hearing panel further

recommended that the court order Respondent to appear before a hearing panel of the Kansas Board for Discipline of Attorneys for the purpose of presenting evidence concerning his petition for reinstatement. In the event Respondent establishes that he is fit and that he has established sufficient safeguards to prevent the recurrence of the original misconduct, the hearing panel recommended that the reinstatement hearing panel entertain Respondent's plan of probation and then consider placing Respondent on probation for a period of 4 or 5 years.

Because Respondent filed no exceptions to the panel's report, we adopt the hearing panel's findings of fact and its conclusions of law. Further, we agree with the panel's recommended discipline of suspension from the practice of law in the state of Kansas for a period of 6 months.

IT IS THEREFORE ORDERED that Bobby Lee Thomas, Jr. be and he is hereby suspended from the practice of law in the state of Kansas for a period of 6 months from the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2007 Kan. Ct. R. Annot. 261).

IT IS FURTHER ORDERED that Respondent comply with Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337) and that Respondent shall not engage in the practice of law until such time as Respondent is reinstated pursuant to Supreme Court Rule 219 as amended effective July 23, 2008 (see 2008 Kan. Ct. R. Annot. 365).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Respondent and that this order be published in the official Kansas Reports.