No. 104,340

In the Matter of BOBBY LEE THOMAS, JR., *Respondent.*

(241 P.3d 104)

Opinion filed October 29, 2010.

*Stanton A. Hazlett,* Disciplinary Administrator, argued the cause, and *Frank D. Diehl,* Deputy Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*Bobby Lee Thomas, Jr.,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Bobby Lee Thomas, Jr., of Olathe, Kansas, an attorney admitted to the practice of law in Kansas in 2000.

On October 16, 2009, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer to the formal complaint on October 29, 2009. The respondent and the office of the Disciplinary Administrator entered into a stipulation of certain facts and violations on December 10, 2009. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on December 15, 2009, where the respondent was personally present. The hearing panel determined that respondent violated KRPC 1.2 (2009 Kan. Ct. R. Annot. 421) (scope of representation); 1.3 (2009 Kan. Ct. R. Annot. 426) (diligence); 1.4(a) (2009 Kan. Ct. R. Annot. 443) (communication); 1.5(a) (2009 Kan. Ct. R. Annot. 460) (fees); 1.5(d) (2009 Kan. Ct. R. Annot. 460) (contingent fees); 1.15(b) (2009 Kan. Ct. R. Annot. 507) (safekeeping property); 1.16(d) (2009 Kan. Ct. R. Annot. 522) (terminating representation); 8.1(b) (2009 Kan. Ct. R. Annot. 594) (failing to respond to disciplinary authority); Kansas Supreme Court Rule 207(b) (2009 Kan. Ct. R. Annot. 303) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 218(a) (2009 Kan. Ct. R. Annot. 361) (failure to notify clients upon suspension). Upon conclusion of the

hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

## "FINDINGS OF FACT

. . . .

"2.   On October 17, 2008, the Kansas Supreme Court suspended the Respondent's license to practice law for a period of six months. The Respondent has not sought reinstatement. As a result, the Respondent's license remains suspended.

### "DA10273: [M.H.]

"3.   In the Spring of 2006, [M.H.] retained the Respondent to file suit in her behalf as a result of a car accident. The Respondent entered into an oral contingency fee agreement that the Respondent would receive a 30% fee prior to trial and a 40% fee if the Respondent prevailed at trial in behalf of [M.H.]. The contingency fee agreement was not reduced to writing.

"4.   The Respondent failed to properly answer discovery. As a result, opposing counsel filed a motion to enforce discovery in [M.H.]'s case. The Respondent failed to appear at the hearing on the motion to enforce discovery.

"5.   Despite the fact that the Respondent failed to appear at the hearing, the Court extended the time for the Respondent to comply with the discovery requests. The Respondent, however, failed to provide answers to the discovery within the extended time period.

"6.   On December 11, 2006, because the Respondent failed to comply with discovery, the Court dismissed the case without prejudice.

"7.   On December 14, 2006, the Respondent refiled the action. However, the Respondent did not obtain service of process on the defendant. Thereafter, on November 13, 2007, the Court dismissed [M.H.]'s second case.

"8.   [M.H.] filed a complaint against the Respondent with the Disciplinary Administrator. On August 8, 2007, the Disciplinary Administrator directed the Respondent to provide a written response to the complaint filed by [M.H.]. The Respondent did not provide a written response to the complaint.

"9.   On August 20, 2007, Terry Morgan, Special Investigator for the Disciplinary Administrator wrote to the Respondent and directed him to provide a written response to the complaint filed by [M.H.]. Again, the Respondent did not provide a written response to the complaint.

"10.   Thereafter, Mr. Morgan attempted to contact the Respondent on a number of occasions, to no avail. Eventually, on December 20, 2007, the Respondent provided a written response to the complaint.

"11.   In a written stipulation, the Respondent admitted that he violated KRPC 1.3, KRPC 1.4, KRPC 1.5, and Kan. Sup. Ct. R. 207, in relation to [M.H.]'s complaint.

### "DA10297: [D.G.]

"12.   In July, 2007, [D.G.] retained the Respondent to appeal a driving under the influence conviction to the Kansas Court of Appeals. [D.G.] also retained the

Respondent to represent him in a pending driving under the influence of alcohol charge.

"13.   On December 7, 2006, the Respondent filed [D.G.'s] brief. Thereafter, the Kansas Court of Appeals issued an order that oral arguments would be held on July 10, 2007.

"14.   On July 10, 2007, the Respondent failed to appear at the arguments. On July 12, 2007, the Respondent filed a motion to waive oral arguments without [D.G.'s] permission. In the motion, the Respondent asserted that he was recovering from back surgery.

"15.   In the pending driving under the influence of alcohol charge, the Respondent failed to timely submit an administrative hearing request.

"16.   [D.G.] filed a complaint against the Respondent with the Disciplinary Administrator.

"17.   On August 31, 2007, the Disciplinary Administrator wrote to the Respondent, directing the Respondent to provide a written response to the complaint filed by [D.G.] within 10 days. The Respondent failed to provide a written response as directed by the Disciplinary Administrator.

"18.   On September 24, 2007, Mr. Morgan wrote to the Respondent directing the Respondent to provide a written response to the complaint filed by [D.G.]. The Respondent failed to provide a written response to [D.G.'s] complaint.

"19.   The Respondent has stipulated that he violated KRPC 1.2, KRPC 1.3, KRPC 8.1, and Kan. Sup. Ct. R. 207, in regard to [D.G.'s] complaint.

## "DA10584: [G.L.]

"20.   [G.L.]'s parents retained the Respondent to represent [G.L.] in two pending matters. [G.L.]'s parents paid the Respondent a $10,000 fee.

"21.   Throughout the period of the representation, the Respondent failed to adequately communicate with [G.L.] personally or through his parents. Because the Respondent failed to provide adequate communication, the Respondent's representation was terminated.

"22.   Upon termination, the Respondent failed to provide [G.L.] or his parents with an accounting of the fee. Additionally, the Respondent failed to refund the unearned fees. Given the amount of work the Respondent completed, a fee of $10,000 is unreasonable.

"23.   [G.L.]'s father filed a complaint against the Respondent. Thereafter, Gregory D. Kincaid was appointed to investigate [G.L.]'s father's complaint. On September 4, 2008, Mr. Kincaid directed the Respondent to call him to schedule a time to meet regarding the complaint.

"24.   Later, the Respondent requested additional time to file a response to the complaint. Mr. Kincaid granted the Respondent's request for additional time. The Respondent, however, did not provide a written response within the time extended by Mr. Kincaid.

"25.   Finally, on February 23, 2009, the Respondent provided a written response to [G.L.]'s father's complaint.

"26. As a result of the Respondent's misconduct, the Client Protection Fund paid [G.L.]'s parents $10,000.

"27. The Respondent has stipulated that he violated KRPC 1.4, KRPC 1.5, KRPC 1.15, KRPC 1.16, KRPC 8.1, and Kan. Sup. Ct. R. 207, regarding his representation of [G.L.].

### "DA10617: [T.B-P]

"28. [T.B-P] retained the Respondent to represent her in a direct appeal of her conviction for murder in the first degree. The Respondent represented her and provided her with adequate representation. Later, [T.B-P] retained the Respondent to file a motion pursuant to K.S.A. 60-1507.

"29. On March 9, 2007, [T.B-P] filed a complaint against the Respondent with the Disciplinary Administrator. Misconduct related to [T.B-P]'s 2007 complaint served as part of the misconduct which led to the Respondent's October, 2008, suspension from the practice of law.

"30. Later, in 2008, but prior to the Respondent's suspension, [T.B-P] filed a second complaint against the Respondent. In her second complaint, [T.B-P] alleged that the Respondent failed to adequately communicate with her regarding the K.S.A. 60-1507 motion.

"31. Mr. Kincaid was also appointed to investigate [T.B-P]'s second complaint against the Respondent. On October 15, 2008, Mr. Kincaid wrote to the Respondent and directed him to call and schedule a time to discuss the complaint.

"32. Approximately a month later, the Respondent wrote to Mr. Kincaid and requested additional time to provide a written response to [T.B-P]'s second complaint. The Respondent assured Mr. Kincaid that he would provide the response by November 23, 2008. The Respondent failed to provide the written response as promised.

"33. Finally, on February 23, 2009, the Respondent provided a written response to the second complaint filed by [T.B-P].

"34. The Respondent stipulated that he violated KRPC 8.1 and Kan. Sup. Ct. R. 207 by failing to timely cooperate in the disciplinary investigation of [T.B-P]'s second complaint.

### "DA10683: [D.C.]

"35. The Respondent represented [D.C.]. [D.C.] filed a complaint against the Respondent with the Disciplinary Administrator. Mr. Kincaid was again appointed to investigate the complaint.

"36. On December 11, 2008, the Disciplinary Administrator sent a letter to the Respondent directing him to provide a written response to the complaint within 20 days. The Respondent did not provide a written response to the complaint as directed.

"37. On December 18, 2008, Mr. Kincaid wrote to the Respondent and directed him to call and schedule a time to discuss the complaint filed by [D.C.]. The Respondent did not respond to Mr. Kincaid's letter.

"38. Finally, on April 21, 2009, the Respondent provided a written response to the complaint filed by [D.C.].

"39. The Respondent has stipulated that he violated KRPC 8.1 and Kan. Sup. Ct. R. 207, during the investigation of [D.C.]'s complaint.

*"DA10689: [A.Z.]*

"40. In October, 2008, [A.Z.] retained the Respondent to represent him in a pending criminal case. [A.Z.] agreed to pay the Respondent a $3,000 flat fee. [A.Z.] initially paid the Respondent $1,500 of the flat fee.

"41. The Court held [A.Z.]'s first appearance on October 17, 2008, the same day the Respondent's license to practice law was suspended. The Respondent was unable to appear at the hearing because of the suspension of his license.

"42. The Respondent refused to refund the unearned fee paid by [A.Z.].

"43. [A.Z.] filed a complaint against the Respondent with the Disciplinary Administrator. On December 19, 2008, the Disciplinary Administrator wrote to the Respondent and directed him to provide a written response to the [A.Z.]'s complaint within 20 days. The Respondent failed to provide a written response to [A.Z.]'s complaint as directed.

"44. Eventually, on April 27, 2009, the Respondent provided a written response to [A.Z.]'s complaint.

"45. The Respondent has stipulated that he violated KRPC 1.16, KRPC 8.1, and Kan. Sup. Ct. R. 207, with regard to [A.Z.]'s complaint.

*"DA10695: [T.M.]*

"46. In May, 2008, [L.M.] retained the Respondent in behalf of his son, [T.M.], to research an issue related to [T.M.]'s federal criminal sentence. [L.M.] paid the Respondent $750 for the representation. After being retained, the Respondent failed to provide diligent representation and adequate communication. Given the amount of work the Respondent completed, a $750 fee is unreasonable.

"47. Following the Respondent's suspension from the practice of law, the Respondent failed to inform [T.M.] or [L.M.] that he was no longer able to practice law.

"48. [L.M.] learned of the Respondent's suspension by searching the Internet. After learning of the Respondent's suspension, [T.M.] filed a complaint against the Respondent with the Disciplinary Administrator. On January 16, 2009, the Disciplinary Administrator wrote to the Respondent directing him to provide a written response within 20 days. The Respondent failed to provide a timely written response.

"49. Mr. Kincaid was also appointed to investigate [T.M.]'s complaint. On January 26, 2009, Mr. Kincaid wrote to the Respondent directing him to make contact within the next 10 days. The Respondent failed to contact Mr. Kincaid as directed.

"50. Finally, on May 22, 2009, the Respondent provided a written response to the complaint filed by [T.M.].

"51.  The Respondent has stipulated that he violated KRPC 1.5, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 218, regarding [T.M.]'s complaint.

### "DA10699: [B.B.]

"52.  In August, 2008, [B.B.] retained the Respondent to represent him in a pending criminal case. [B.B.] agreed to pay the Respondent $5,000. Initially, [B.B.] paid $2,500 and agreed to pay the remaining $2,500 in 60 days.

"53.  Because the Respondent's license to practice law in the State of Kansas was suspended, he was unable to complete [B.B.'s] representation.

"54.  On October 27, 2008, [B.B.] sent the Respondent an electronic mail message. [B.B.] received a form response from the Respondent which stated:

'I regret to inform you that due to circumstances beyond my control I will not be practicing law for the next six months. If you are a client, I will be making arrangements for your future representation. I apologize deeply for any inconvenience that this has caused you. I will be in contact with you soon with more information.'

The Respondent did not notify [B.B.], by letter, that his license was suspended nor did he provide [B.B.] with more information.

"55.  The Respondent failed to provide an accounting of the fee to [B.B.]. Additionally, the Respondent failed to refund the unearned fees to [B.B.].

"56.  [B.B.] filed a complaint against the Respondent with the Disciplinary Administrator. On January 16, 2008, the Disciplinary Administrator wrote to the Respondent and directed him to provide a written response to the complaint within 20 days. The Respondent failed to provide a timely response to [B.B.'s] complaint.

"57.  On April 27, 2009, the Respondent finally provided a written response to [B.B.'s] complaint.

"58.  The Respondent has stipulated that he violated KRPC 1.15, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 218, relating to [B.B.'s] complaint.

### "DA10730: [M.T.]

"59.  [M.T.]'s family retained the Respondent to represent [M.T.] in an appeal of a criminal conviction to the Kansas Court of Appeals. The appeal was unsuccessful.

"60.  Later, the Respondent suggested that he might be able to obtain relief by filing an action in federal court or by filing a petition for review before the Kansas Supreme Court. [M.T.]'s mother and step-father, [P.R.] and [J.R.] paid the Respondent $5,000 to file a federal court action or a petition for review before the Kansas Supreme Court.

"61.  During the period of representation, the Respondent failed to provide diligent representation and adequate communication.

"62. Thereafter, the Respondent was unable to complete the representation because of his suspension from the practice of law. Following his suspension, the Respondent did not provide [P.R.] and [J.R.] with an accounting of the fees paid, nor did the Respondent refund unearned fees. The Respondent's fee was unreasonable, given the amount of work that he completed.

"63. The Respondent has stipulated that he violated KRPC 1.3, KRPC 1.4, KRPC 1.5, and KRPC 1.16, in connection with his representation of [M.T.].

### "DA10743: [R.D.]

"64. In 2008, [R.D.] retained the Respondent to represent him in a criminal non-support case. [R.D.] paid the Respondent $1,500 for the representation.

"65. On October 28, 2008, the Respondent notified [R.D.] in writing that he was unable to continue to represent him.

"66. Thereafter, [R.D.] wrote to the Respondent twice requesting an accounting and a refund of unearned fees. The Respondent failed to provide an accounting of the fee. Additionally, the Respondent failed to provide a refund of the unearned fees. Eventually, the Client Protection Fund reimbursed [R.D.] for the $1,500 that he had previously paid to the Respondent.

"67. The Respondent has stipulated that he violated KRPC 1.15 in his representation of [R.D.].

### "DA10746: [D.H.]

"68. Following [C.J.]'s entry of a guilty plea, [D.H.] retained the Respondent in behalf of [C.J.]. [D.H.] retained the Respondent to investigate the possibility of filing a motion to withdraw the guilty plea. If the motion was unsuccessful, then the Respondent was to take a direct appeal of [C.J.]'s conviction.

"69. [D.H.] agreed to pay the Respondent $1,800. [D.H.] was not able to pay the entire amount at once. However, over time, [D.H.] paid the Respondent over $1,000. By the time [D.H.] had paid the Respondent over $1,000, the Respondent's license to practice law was suspended and the Respondent was not able to provide [C.J.] with the representation that he had agreed to provide.

"70. A $1,000 fee is unreasonable for the work the Respondent completed.

"71. The Respondent did not provide [D.H.] or [C.J.] with an accounting of the fees paid or a refund for the unearned fees.

"72. [D.H.] filed a complaint against the Respondent with the Disciplinary Administrator. Thereafter, the Client Protection Fund reimbursed [D.H.] $1,000.

"73. The Respondent has stipulated that he violated KRPC 1.5 and KRPC 1.16, in connection with [D.H.'s] complaint.

### "DA10767: [J.B.]

"74. [J.B.] retained the Respondent to represent his son. [J.B.] paid the Respondent $500 for the representation.

"75. Because the Respondent's license to practice law was suspended, the Respondent was unable to complete the representation. The Respondent failed to provide a refund of the unearned fees.

"76. The Respondent has stipulated that he violated KRPC 1.16 by failing to refund the unearned fees to [J.B.].

### "DA10769: [N.W.]

"77. [N.W.] retained the Respondent to represent him in a criminal case. [N.W.] agreed to pay the Respondent $3,000 for the representation. [N.W.] paid $2,000 of the fee prior to the Respondent entering his appearance.

"78. The Respondent made a couple of appearances with [N.W.] on the case. The preliminary hearing on the case was scheduled by the Court for November 13, 2008. Because the Respondent's license to practice law was suspended on October 17, 2008, the Respondent was unable to complete the representation.

"79. After the Respondent notified [N.W.] that he would not be able to continue the representation, [N.W.] requested an accounting and a refund of the unearned fees. The Respondent failed to provide [N.W.] with an accounting and a refund of the unearned fees.

"80. The Respondent has stipulated that he violated KRPC 1.15 by failing to provide an accounting and a refund of the unearned fees to [N.W.]

### "CONCLUSIONS OF LAW

"1. Based upon the Stipulation, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.2, KRPC 1.3, KRPC 1.4, KRPC 1.5, KRPC 1.15, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 218, as detailed below. [Footnote: In addition to KRPC 1.2, KRPC 1.3, KRPC 1.4, KRPC 1.5, KRPC 1.15, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 218, the Disciplinary Administrator also alleged that the Respondent violated KRPC 8.4(c) for failing to return unearned fees. The Hearing Panel concludes that clear and convincing evidence was not presented to establish that the Respondent violated KRPC 8.4(c).

"2. KRPC 1.2 provides:

'(a) A lawyer shall abide by a client's decisions concerning the lawful objectives of representation, subject to paragraphs (c), (d), and (e), and shall consult with the client as to the means which the lawyer shall choose to pursue. . . .'

The Respondent waived the oral argument before the Kansas Court of Appeals without [D.G.'s] knowledge or authorization. As such, the Hearing Panel concludes that the Respondent violated KRPC 1.2.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. The Respondent failed to diligently and promptly represent his clients. The Respondent failed to provide diligent representation to [M.H.], [G.L.], and [M.T.]. In [M.H.]'s case, the Respondent's lack of diligence resulted in a dismissal of [M.H.]'s case. The Respondent was retained by [G.L.]'s family for two purposes. The Respondent failed to take any action to accomplish what he was retained and paid to do for [G.L.]. Finally, the Respondent failed to either file an action in federal court or a petition for review before

the Kansas Supreme Court, in behalf of [M.T.]. The Respondent did not diligently represent [M.T.]. Because the Respondent failed to act with reasonable diligence and promptness in representing his clients, the Hearing Panel concludes that the Respondent repeatedly violated KRPC 1.3.

"4.    KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to adequately communicate with [M.H.], [G.L.], and [M.T.]. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5.    'A lawyer's fee shall be reasonable.' KRPC 1.5(a). In this case, the Respondent repeatedly accepted fees and failed to perform the work that he was paid to perform. Specifically, with regard to [G.L.], [T.M.], [M.T.], and [C.J.], the Respondent accepted fees and failed to complete the representation. The fees paid by or in behalf of [G.L.], [T.M.], [M.T.], and [C.J.], were unreasonable. Therefore, the Hearing Panel concludes that the Respondent repeatedly violated KRPC 1.5(a).

"6.    Contingent fee agreements must be in writing. KRPC 1.5(d) provides the requirement in this regard:

> 'A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (f) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, and the litigation and other expenses to be deducted from the recovery. . . .'

The Respondent entered into a contingency fee agreement with [M.H.] but failed to reduce the agreement to writing. Thus, the Hearing Panel concludes that the Respondent violated KRPC 1.5(d).

"7.    Lawyers must safeguard their clients' property. Specifically, KRPC 1.15 provides:

> '(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.'

The Respondent violated KRPC 1.15(b) in two ways. First, the Respondent failed to provide accountings of fees as required by KRPC 1.15(b). Second, the Respondent failed to refund unearned fees. Retaining unearned fees is tantamount to conversion. If a fee has not been earned, it should remain available to be refunded to the client. The respondent failed to so account to and failed to refund

unearned fees that were paid by or in behalf of [G.L.], [B.B.], [R.D.], and [N.W.]. Because the Respondent failed to properly account for fees and refund unearned fees, the Hearing Panel concludes that the Respondent repeatedly violated KRPC 1.15(b).

"8.   KRPC 1.16 requires lawyers to take certain steps to protect clients after the representation has been terminated.

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

The Respondent violated KRPC 1.16(d) when he failed to return unearned fees that were paid by or in behalf of [G.L.], [A.Z.], [T.M.], [B.B.], [M.T.], [C.J.], and [J.B.]. The Hearing Panel concludes that the Respondent violated KRPC 1.16(d).

"9.   Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The Respondent knew that he was required to timely forward a written response to the complaint —he had been repeatedly instructed to do so in writing by the Disciplinary Administrator and by the attorney investigator. Because the Respondent knowingly failed to provide a timely written response to the complaint filed by [M.H.], [D.G.], [G.L.], [T.B-P], [D.C.], [A.Z.], [T.M.], and [B.B.], as requested by the Disciplinary Administrator and the attorney investigator, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"10.   Upon suspension or disbarment, an attorney is required to take specific steps to notify his clients.

'(a) In the event any attorney licensed to practice law in Kansas shall hereafter be disbarred or suspended from the practice of law pursuant to these Rules, or shall voluntarily surrender his or her license, such attorney shall forthwith notify in writing each client or person represented by him or her in pending matters, of his or her inability to undertake further representation of such client after the effective date of such order, and shall

also notify in writing such client to obtain other counsel in each such matter. As to clients involved in pending litigation or administrative proceedings, such attorney shall also notify in writing the appropriate court or administrative body, along with opposing counsel, of such inability to further proceed, and shall file an appropriate motion to withdraw as counsel of record.'

Kan. Sup. Ct. R. 218(a). The Respondent failed to properly notify [T.M.] and [B.B.] following the Respondent's suspension from the practice of law. As such, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 218(a).

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation and adequate communication. The Respondent violated his duty to his clients to properly safeguard their property. The Respondent violated his duty to the legal profession to cooperate in disciplinary investigations.

"*Mental State.* The Respondent knowingly and intentionally violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused serious actual injury to many of his clients.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*Prior Disciplinary Offenses.* On October 17, 2008, the Kansas Supreme Court suspended the Respondent for a period of six months for having violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 3.2, KRPC 3.4(c), KRPC 8.4(d), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b). *In re Thomas*, 287 Kan. 88, 193 P.3d 907 (2008).

"*A Pattern of Misconduct.* The Respondent engaged in a pattern of misconduct. This case involves complaints filed by or in behalf of 13 clients. The Respondent was previously disciplined in a case that involved complaints filed by or in behalf of seven clients. The 20 complaints involve similar misconduct. Thus, the Hearing Panel concludes that the Respondent engaged in a pattern of misconduct.

"*Multiple Offenses.* In this case, the Respondent violated KRPC 1.2, KRPC 1.3, KRPC 1.4, KRPC 1.5, KRPC 1.15, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 218. The Respondent committed multiple offenses.

"*Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.* In eight of the 13

cases presently pending, the Respondent failed to provide a timely written response to the complaint. Failing to provide a timely written complaint obstructs the disciplinary investigators' ability to conduct and conclude the investigation. Therefore, the Hearing Panel concludes that the Respondent engaged in a bad faith obstruction of the disciplinary investigation by failing to comply with KRPC 8.1 and Kan. Sup. Ct. R. 207.

"*Substantial Experience in the Practice of Law.* The Kansas Supreme Court admitted the Respondent to the practice of law in 2000. At the time of the misconduct, the Respondent had been practicing law for eight years. Eight years of practice constitutes substantial experience in the practice of law.

"*Indifference to Making Restitution.* To date, the Respondent has made no effort to refund unearned fees to clients or to reimburse the Client Protection Fund.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* The Respondent continues to struggle with alcohol abuse. At the time of the hearing, he had been sober for approximately six weeks. Additionally, the Respondent continues to struggle with depression. Alcohol abuse and depressions certainly may have contributed to the Respondent's misconduct.

"*The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The Respondent entered into a stipulation, admitting much of the misconduct. The Respondent fully cooperated during the hearing on the Formal Complaint.

"*Remorse.* At the hearing on this matter, the Respondent expressed genuine remorse for engaging in the misconduct.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'4.12    Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

'4.42    Suspension is generally appropriate when:

(a)    a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b)    a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'7.2    Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

'8.1 Disbarment is generally appropriate when a lawyer:

(a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or

(b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.'

## "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be indefinitely suspended from the practice of law in the State of Kansas and that the Respondent be required to reimburse the Client Protection Fund, prior to reinstatement. The Respondent recommended that he be suspended for a period of one year. The Respondent recognizes that he will have to undergo a reinstatement hearing.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law for an indefinite period of time. If the Respondent applies for reinstatement in the future, the Hearing Panel recommends that he provide evidence of a variety of factors. First, the Respondent should be required to establish that he has sustained his sobriety for a substantial period of time. Next, the Respondent should be required to establish that he has successfully completed all recommended treatment and aftercare and that he regularly attends some sort of relapse prevention treatment. Third, the Respondent should be required to establish that his depression is properly treated and that he is mentally fit to practice law. The Respondent's requirement in this regard should consist of testimony from a treatment professional. Also, the Respondent should be required to establish that he has developed a solid business plan for running the business side of practicing law. Finally, as a condition precedent to applying for reinstatement, the Respondent should be required to establish that he has refunded all unearned fees to his clients and that he has fully reimbursed the Client Protection Fund for claims that it paid in his behalf.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009); see Supreme Court Rule

211(f) (2009 Kan. Ct. R. Annot. 321). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " 288 Kan. at 505 (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]). The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

At the hearing before this court, the Disciplinary Administrator asked the court to administer an indefinite suspension as recommended by the hearing panel, while the respondent again requested a 1-year suspension. This court finds that the number and severity of violations warrant an indefinite suspension from the practice of law in Kansas. Further, we require that, if respondent wishes to seek reinstatement, a hearing under Supreme Court Rule 219 (2009 Kan. Ct. R. Annot. 376) be held to consider, among other issues set out in Rule 219(f), whether:

1. Respondent has demonstrated a substantial period of sustained sobriety, completed all recommended treatment, and regularly participates in a relapse prevention program;

2. Respondent has established that any mental health issues have been properly treated and that he is mentally fit to practice law as verified by a mental health professional;

3. Respondent has established that he has made full and complete restitution to the Client Protection Fund for claims paid due to respondent's actions; and

4. Respondent's practice should be monitored by another attorney, and if so, any appropriate terms and conditions, including the time period for monitoring.

### CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that BOBBY LEE THOMAS, JR., be indefinitely suspended from the practice of law in the state of Kansas, effective the date of this order in accordance with Supreme Court Rule 203(a)(2) (2009 Kan. Ct. R. Annot. 272).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2009 Kan. Ct. R. Annot. 361), and in

the event the respondent would seek reinstatement, he shall comply with Supreme Court Rule 219 with consideration of the issues noted above in addition to any others provided under this rule.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

PATRICIA MACKE DICK, District Judge, assigned.